# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KIONNA K. FOX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:11CV02037 TCM |
| | ) |
| SELECT MEDICAL CORPORATION, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and finds that it must be dismissed under 28 U.S.C. § 1915(e).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from

such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983 and the False Claims Act, 31 U.S.C. §§ 3729 *et seq*. (the "FCA"). Named as defendants are Select Medical Corporation ("Select") and several employees of Select. Plaintiff claims that Select ran a program in Forest Park Hospital caring for patients with pulmonary problems and non-healing wounds, and she says that Select participates in Medicare and Medicaid. Plaintiff alleges, in a wholly conclusory fashion, that she witnessed employees of Select "torturing" and "abusing" patients. Plaintiff also alleges that African-American employees who were accused of abusing patients were treated differently than similarly situated Caucasian employees. She claims the African-American employees were suspended and barred from appearing at work while the Caucasian employees were

either not suspended or were allowed to appear at work while on suspension. Plaintiff says she complained to corporate management about these problems but nothing was done.

**Background**

1. <u>Section 1983 Claims</u>

Section 1983 imposes liability on government actors acting under color of state law. 42 U.S.C. § 1983. "Private actors may incur section 1983 liability only if they are willing participants in a joint action with public servants acting under color of state law." <u>Johnson v. Outboard Marine Corp.</u>, 172 F.3d 531, 536 (8th Cir.1999). To state a claim against a private actor under § 1983, a plaintiff "must establish, at the very least, an agreement or meeting of the minds between the private and state actors, and a corresponding violation of the plaintiffs' rights under the Constitution or laws of the United States." <u>Id.</u> There is no indication in the complaint that any of the defendants are state actors or that they came to an agreement with state actors to deprive plaintiff of her constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted under § 1983.

2. <u>False Claims Act</u>

The United States is the "real party of interest" in an action under the FCA, and actions under the FCA may be brought only by licensed attorneys. <u>See</u>, <u>e.g.</u>, <u>U.S. ex</u>

rel. Mergent Servs. v. Flaherty, 540 F.3d 89, 93 (2nd Cir. 2008); United States v. Onan, 190 F.2d 1, 6 (8th Cir. 1951) ("[W]e do not think that Congress could have intended to authorize a layman to carry on . . . as attorney for the United States but must have had in mind that such a suit would be carried on in accordance with the established procedure which requires that only one licensed to practice law may conduct proceedings in court for anyone other than himself."). Plaintiff, as a pro se litigant, therefore, may not bring any FCA claims in this Court.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

So Ordered this 9th day of day of December, 2011.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE